**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 06-5200**

-----

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AARON LORENZO TILLMAN,

Defendant - Appellant.

-----

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:05-cr-00472-TLW)

-----

Submitted:  November 19, 2007        Decided:  December 10, 2007

-----

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

-----

Affirmed by unpublished per curiam opinion.

-----

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.   Arthur Bradley Parham, OFFICE OF THE
UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Lorenzo Tillman pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 846 (2000). Tillman was sentenced to the statutory maximum of 240 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11 as well as whether the sentence is reasonable. Tillman was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

Because Tillman did not seek to withdraw his guilty plea in the district court, any alleged Rule 11 error is reviewed by this court for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Tillman must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). We have reviewed the record and find no error.

Tillman also contends that his sentence is unreasonable. However, the district court appropriately treated the Sentencing

Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). As Tillman's applicable advisory guideline range of 360 months to life imprisonment was greater than the statutory maximum of 240 months' imprisonment, see 21 U.S.C. § 841(b)(1)(C) (2000), the court properly determined that the statutory maximum was the advisory guideline sentence. See U.S. Sentencing Guidelines Manual § 5G1.1(a) (2005). Thus, Tillman's 240-month sentence is presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007) (approving presumption of reasonableness accorded sentences within properly calculated guideline range). We discern no basis to conclude that the presumption of reasonableness has been overcome.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED